IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KAREEM M. HARRIS, | |
| Petitioner, | CRIMINAL ACTION NO.: 4:22-cr-46 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's February 21, 2025, Report and Recommendation, (doc. 71), to which Petitioner has objected, (doc. 74). As explained below, Harris' objections are **OVERRULED**. (Doc. 74). The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 71.) Harris' 28 U.S.C. § 2255 Motion is **DISMISSED**. (Doc. 70.)

The Magistrate Judge screened Harris' § 2255 motion and concluded that it was both untimely and the grounds asserted were meritless. (See generally doc. 71.) Harris, apparently adapting material prepared for some other case, objects only to the Magistrate Judge's analysis of the merits. (See generally doc. 74.) While the Court agrees with the Magistrate Judge that the Eleventh Circuit's opinion in United States v. Rozier, 598 F.3d 768, 771 (11th Cir 2010) precludes the substantive arguments that Harris asserts, (see doc. 71, pp. 5-7); see also, e.g., United States v. Cole, No. 24-10877, 2025 WL 339894, at * 4 (11th Cir. Jan. 30, 2025) ("Neither Bruen nor Rahimi cast any doubt whatsoever on felon-in-possession prohibitions."), the undisputed untimeliness of Harris' Motion is fatal, regardless. As the Magistrate Judge explained, and Harris' Objection does

not dispute, his Motion was filed more than one year after the judgment against him was final, and his Motion asserts no plausible basis for equitable tolling or actual innocence. (See doc. 71, pp. 2-5.) Therefore, although the Court agrees with the Magistrate Judge that persuasive authority in the Eleventh Circuit forecloses Harris' challenges arising from the purported constitutional infirmity of § 922(g), the fact that his Motion is time barred is undisputed and fatal. Accordingly, Harris' Objection is **OVERRULED**, (doc. 74), the Report and Recommendation is **ADOPTED**, (doc. 71), and Harris' Motion is **DISMISSED**, (doc. 70.)

There are no discernable issues worthy of a certificate of appeal. Therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Harris is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Harris *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2nd day of May, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2